UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
Case No. 1:13-cv-22943-RSR

SOHO, LLC                                       )
                                                )
        Plaintiff,                              )
                                                )
    v.                                          )
                                                )
SOHO SOUTH HOLLYWOOD SOCIAL                     )
CLUB INC.,                                      )
                                                )
        Defendant,                              )
_____  )

## ANSWER

Defendant, SOHO SOUTH HOLLYWOOD SOCIAL CLUB INC., by and through its undersigned attorneys, files its Answer, Affirmative Defenses, and Counterclaims and states as follows:

## JURISDICTION AND VENUE

1.      Defendant is without knowledge as to the allegations contained in Paragraph 1 of the Plaintiff's Complaint, and therefore denies same.

2.      Defendant is without knowledge as to the allegations contained in Paragraph 2 of the Plaintiff's Complaint, and therefore denies same.

3.      Defendant is without knowledge as to Plaintiff's information and belief and therefore denies the allegations contained in Paragraph 3 of the Plaintiff's Complaint.

4.      Admitted that venue is proper in this District. Defendant denies the remaining allegations contained in Paragraph 4 of Plaintiff's Complaint.

## THE PARTIES

5.  Defendant is without knowledge as to the allegations contained in Paragraph 5 of Plaintiff's Complaint, and therefore denies same.

6.  Defendant is without knowledge as to Plaintiff's information and belief and therefore denies same.

## PLAINTIFF'S "SOHO STUDIOS" TRADEMARK

7.  Defendant is without knowledge as to the allegations contained in Paragraph 7 of Plaintiff's Complaint, and therefore denies same.

8.  Defendant is without knowledge as to the allegations contained in Paragraph 8 of Plaintiff's Complaint, and therefore denies same.

9.  Defendant is without knowledge as to the allegations contained in Paragraph 9 of Plaintiff's Complaint, and therefore denies same.

10.  Plaintiff's trademark application speaks for itself and therefore no response is necessary.  Defendant denies that Plaintiff has any trademark rights, whether through registration or common usage/law, with respect to the subject mark.

11.  Defendant is without knowledge as to the allegations contained in Paragraph 11 of Plaintiff's Complaint and therefore denies same.

12.  Denied.

13.  Defendant is without knowledge as to the allegations contained in Paragraph 13 of Plaintiff's Complaint, and therefore denies same.

## **DEFENDANT'S INFRINGING ACTIVITY**

14. Defendant is without knowledge as to the allegations contained in Paragraph 13 of Plaintiff's Complaint, and therefore denies same.

15. Denied.

16. Denied.

17. Defendant is without knowledge as to Plaintiff's information and belief and therefore denies same. The remaining the allegations contained in Paragraph 17 of Plaintiff's Complaint are denied.

18. Denied.

19. Denied.

20. Denied.

21. Denied.

22. Denied.

23. Denied.

24. Denied.

25. Defendant is without knowledge as to the allegations contained in Paragraph 25 of Plaintiff's Complaint, and therefore denies same.

26. Denied.

27. Denied.

28. Denied.

29. Admitted that Plaintiff sent a letter to Defendant. The remaining allegations contained in Paragraph 29 of Plaintiff's Complaint are denied.

30. Admitted.

31. Denied.

32. Denied.

## COUNT I
## FEDERAL UNFAIR COMPETITION, FALSE DESCRIPTION
## AND FALSE DESIGNATION OF ORIGIN AS TO MARKS, 15 U.S.C. §1125(a)

33. Defendant re-alleges and reincorporates its responses to Paragraphs 1-32 of Plaintiff's Complaint.

34. Denied.

35. Denied.

36. Denied.

37. Denied.

## COUNT II – UNFAIR COMPETITION/
## COMMON LAW TRADEMARK INFRINGEMENT

38. Defendant re-alleges and reincorporates its responses to Paragraphs 1-32 of Plaintiff's Complaint.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

## AFFIRMATIVE DEFENSES

### First Affirmative Defense

Plaintiff's Complaint fails to state a cause of action due to the fact that the "Soho Studios" mark is not entitled to protection under the Lanham Act. Plaintiff's mark is not distinctive.

### Second Affirmative Defense

Plaintiff fails to state a cause of action because it lacks a protectable interest in the "Soho" name. Plaintiff's trademark application has been twice refused by the USPTO in connection with its use as a "multi-purpose venue" or a venue for the "provision of facilities for conventions" (International Class 43), due to the fact that other parties use the term "Soho" in connection with similar goods/services.

### Third Affirmative Defense

Plaintiff is barred from the relief it seeks by the doctrine of estoppel, in light of its own conduct. Plaintiff has taken inconsistent and contradictory positions on public record concerning the protection afforded to the term "Soho," and is therefore estopped from making the claims it is concurrently making in this matter.

### Fourth Affirmative Defense

Plaintiff has taken inconsistent and contradicting positions on public record concerning the protection afforded to the term "Soho," and has therefore waived the claims it is concurrently making in this matter.

### Fifth Affirmative Defense

Plaintiff has exercised selective enforcement by not brining claims against other parties using the "Soho" mark in connection with similar goods/services, some of which are located in closer proximity to Plaintiff than Defendant is.

### Sixth Affirmative Defense

Plaintiff has acquiesced to the use of the term "Soho" based on the widespread commercial use of the term "Soho," and by not bringing claims against other parties using the term "Soho" in connection with similar goods/services, including those to which Plaintiff seeks to exclude Defendant from in this case.

### Seventh Affirmative Defense

Plaintiff is barred from the relief it seeks under the Doctrine of Laches.

### Eighth Affirmative Defense

Plaintiff is barred from the relief it seeks due to Plaintiff's own unclean hands.

### Ninth Affirmative Defense

Defendant's use of the term "Soho" is a fair use. Defendant's use of the term "Soho" is geographically descriptive, connoting its approximate geographic location of **So**uth **Ho**llywood. Defendant is entitled to fairly use the geographically descriptive term.

WHEREFORE, Defendant, SOHO South Hollywood Social Club, Inc., respectfully requests that this Court enter final judgment dismissing Plaintiffs' Complaint with prejudice, awarding Defendant reasonable costs and attorneys' fees, ordering that Plaintiff take nothing, and ordering such other relief as this Court deems just and proper.

Dated:  September 30, 2013

   /s/ Kevin Markow
KEVIN MARKOW, ESQ.
Florida Bar No. 66982
BECKER & POLIAKOFF, P.A.
Emerald Lake Corporate Park
3111 Stirling Road
Fort Lauderdale, FL  33312-6525
Telephone:  (954) 987-7550
Facsimile:  (954) 985-4176
KMarkow@becker-poliakoff.com
*Attorneys for Defendant*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on September 30, 2013, the undersigned electronically filed the foregoing document with the Clerk of the Court using CM/ECF.  The undersigned also certifies that the foregoing document and the notice of electronic filing is being served this day on all counsel of record or pro se parties identified on the attached Service List in the manner specified, either via transmission of Notice of Electronic Filing generated by CM/ECF, or in some other authorized manner for those counsel or parties who are not authorized to receive electronically Notices of Electronic Filing.

   /s/ Kevin Markow
KEVIN MARKOW, ESQ.
Florida Bar No. 66982

ACTIVE: 5053374_1